ORIGINAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENTIAL SECURITIES CREDIT CORP., LLC | Case No. SA CV 00-538-DSF(PJWx) |
| Plaintiff, | STANDING ORDER FOR CASES ASSIGNED TO JUDGE DALE S. FISCHER |
| v. | |
| MORTGAGE CAPITAL RESOURCES CORP., et al. | |
| Defendants. | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS

ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE

ACTION.  IF THIS CASE WAS REMOVED FROM STATE COURT, THE

DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON

ALL OTHER PARTIES.

This case has been reassigned to the calendar of Judge Dale S. Fischer.

Both the Court and counsel bear responsibility for the progress of litigation in

federal court.  To "secure the just, speedy, and inexpensive determination" of this

revised 3/25/05

DOCKETED ON CM

JUN 2 7 2005

BY                    021

161

case, Fed. R. Civ. P. 1, all counsel are ordered to become familiar with the Federal

Rules of Civil Procedure ("Rule __") and the Local Rules of the Central District of

California ("Local Rule __").

IT IS ORDERED:

## 1.  Service of the Complaint

The plaintiff shall promptly serve the complaint in accordance with Rule 4 and file the proofs of service pursuant to Local Rule 5-3.1.  Although Rule 4(m) does not require the summons and complaint to be served for 120 days, the Court expects service much sooner.  The Court will require plaintiffs to show good cause to extend the service deadline beyond 120 days.

## 2.  Presence of Lead Counsel

Lead trial counsel shall attend any proceeding before this Court, including all scheduling, status and settlement conferences.  Unless lead counsel's absence is excused for good cause in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling any proceeding as lead counsel.

## 3.  Discovery and Discovery Cut-off

a.  Compliance with Rule 26(a):  Unless it is likely that the Court would, on motion of a party, order that any or all discovery is premature, counsel should begin actively to conduct discovery before the scheduling conference.  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery.  At the scheduling conference the Court will impose tight deadlines for completion of discovery.

b.  Discovery Motions:  Counsel are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner.  All discovery matters have been referred to the assigned magistrate judge, who will hear all discovery disputes.  (The magistrate judge's initials follow the district judge's

revised 3/25/05                                    2

1   initials next to the case number.)  All discovery documents must include the words

2   "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are

3   directed to contact the magistrate judge's courtroom deputy clerk to schedule matters

4   for hearing.  Counsel should not deliver courtesy copies of these documents to this

5   Court.

6           In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse

7   any order of the magistrate judge, including one imposing sanctions, unless it has

8   been shown that the magistrate judge's order is clearly erroneous or contrary to law.

9           Any party may file and serve a motion for review and reconsideration

10  before this Court.  The moving party must file and serve the motion within ten days

11  of service of a written ruling or within ten days of an oral ruling that the magistrate

12  judge states will not be followed by a written ruling.  The motion must specify which

13  portions of the ruling are clearly erroneous or contrary to law and support the

14  contention with points and authorities.  Counsel shall deliver a conformed copy of

15  the moving papers and responses to the magistrate judge's courtroom deputy clerk at

16  the time of filing.

17      **4.  <u>Motions - General Requirements</u>**

18          a.  <u>Time for Filing and Hearing Motions</u>:  Motions shall be filed in

19  accordance with Local Rule 7.  This Court hears motions on Mondays, beginning at

20  1:30 p.m.  If Monday is a national holiday, motions will be heard on the next

21  Monday.  If the motion date selected is not available, the Court will issue a minute

22  order continuing the date.  Opposition or reply papers due on a holiday must be filed

23  the preceding Friday - not the following Tuesday, and must be hand-delivered or

24  faxed to opposing counsel on that Friday.  Professional courtesy dictates that moving

25  parties should, whenever possible, avoid filing motions for which opposition papers

26  will be due the Friday preceding a holiday.  Such a filing is likely to cause a

27  requested continuance to be granted.

28

revised 3/25/05                          3

1    Adherence to the timing requirements is mandatory for Chambers'
2  preparation of motion matters.

3    b.  Pre-filing Requirement:  Counsel must comply with Local Rule 7-3,
4  which requires counsel to engage in a pre-filing conference "to discuss
5  thoroughly . . . the substance of the contemplated motion and any potential
6  resolution."  Counsel should discuss the issues to a sufficient degree that if a motion
7  is still necessary, the briefing may be directed to those substantive issues requiring
8  resolution by the Court.  Counsel should resolve minor procedural or other non-
9  substantive matters during the conference.

10    c.  Length and Format of Motion Papers: Memoranda of points and
11  authorities in support of or in opposition to motions shall not exceed 25 pages.
12  Replies shall not exceed 12 pages.  Only in rare instances and for good cause shown
13  will the Court grant an application to extend these page limitations.  If documentary
14  evidence in support of or in opposition to a motion exceeds 50 pages, the evidence
15  must be in a separately bound and tabbed pleading and include a Table of Contents.
16  If such evidence exceeds 200 pages, the Court's courtesy copy of such evidence shall
17  be placed in a Slant D-Ring binder, including a Table of Contents, with each item of
18  evidence separated by a tab divider on the right side.  All documents contained in the
19  binder must be three hole punched with the oversized 13/32" hole size, not the
20  standard 9/32" hole size.

21    **Typeface shall comply with Local Rule 11-3.1.1.  *N.B.*  If Times**
22  **New Roman font is used, the size must be no less than 14; if Courier is used, the**
23  **size must be no less than 12.**  Footnotes shall be in typeface no less than one size
24  smaller than text size and shall be used sparingly.

25    Filings that do not conform to the Local Rules and this Order will not be
26  considered.

27    d.  Citations to Case Law:  Citations to case law must identify not only
28  the case being cited, but the specific page being referenced.

e.   <u>Citations to Other Sources</u>:  Statutory references should identify with specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters).  Statutory references that do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be avoided.  Citations to treatises, manuals, and other materials should similarly include the volume, section, and pages being referenced.

f.   <u>Oral Argument</u>:  If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

g.   <u>Calendar Conflicts</u>:  Counsel are to inform opposing counsel and the courtroom deputy clerk as soon as a potential calendar conflict is discovered.  Counsel should attempt to agree on a proposed date to accommodate the calendar conflict and the schedules of the counsel and the Court.

h.   <u>Telephone Inquiries</u>:  Telephone inquiries regarding the status of a motion stipulation or proposed order will receive no response.  Counsel may register for Pacer access to monitor the Court's database.  *See* www.cacd.uscourts.gov > General Information > Pacer Access.  Counsel are referred to the Court's website at www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. Dale S. Fischer for further information regarding procedures and preferences.

5.   **Specific Motion Requirements**

a.   <u>Motions Pursuant to Rule 12</u>:  Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend

1  unless it is clear that the complaint could not be saved by any amendment).

2  Moreover, a party has the right to amend the complaint "once as a matter of course at

3  any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule

4  12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a

5  right to amend. *See St. Michael's Convalescent Hospital v. California*, 643 F.2d

6  1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir.

7  1971). Even after a complaint has been amended or a responsive pleading has been

8  served, the Federal Rules provide that leave to amend should be "freely given when

9  justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy

10  favoring amendment be applied with "extreme liberality." *Morongo Band of Mission*

11  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

12         These principles require that plaintiff's counsel should carefully

13  evaluate defendant's contentions as to the deficiencies in the complaint. In many

14  instances the moving party should agree to any amendment that would cure the

15  defect.

16         In the unlikely event that motions under Rule 12 are filed after the

17  scheduling conference, the moving party shall attach a copy of the challenged

18  pleading to the memorandum of points and authorities in support of the motion.

19         These provisions apply as well to motions to dismiss a counterclaim,

20  answer, or affirmative defense.

21         b. <u>Motions to Amend</u>: In addition to the requirements of Local Rule

22  15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2)

23  be serially numbered to differentiate the amendment from previous amendments; and

24  (3) state the page and line number(s) and wording of any proposed change or

25  addition of material.

26         The parties shall deliver to Chambers a "redlined" version of the

27  proposed amended pleading indicating all additions and deletions of material.

28

revised 3/25/05                    6

c. <u>Motions for Summary Judgment:</u> Parties should not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. The Court expects that the moving party will provide substantially more than the required 21 days written notice. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4.

1. <u>Separate Statement of Uncontroverted Facts and Conclusions of Law</u>: The separate statement shall be prepared in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The moving papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence. The moving party should deliver to Chambers, at the time the motion is filed, a diskette in WordPerfect format (compatible with 9.0 or higher), containing the separate statement of uncontroverted facts and conclusions of law.

2. <u>Statement of Genuine Issues:</u> The opposing party's statement of genuine issues must be in two columns and track the moving party's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement. If disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other

evidence, and describe what in that exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. The opposing papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence.

3. <u>Reply</u>: The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

4. <u>Supporting Evidence</u>: No party should submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements should not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material.

Evidence submitted in support of or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, of written discovery responses and of the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

5. <u>Objections to Evidence</u>: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated

revised 3/25/05                                8

above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief.  This memorandum should be organized to track the paragraph numbers of the separate statement and statement of genuine issues in numerical sequence.  It should identify the specific item of evidence to which objection is made, and a brief argument with citation to authority as to why the objection is well taken.  The following is the suggested format:

> Separate Statement Paragraph 1:  Objection to the supporting deposition transcript of Jane Doe at 1:1-10 on the grounds that the statement constitutes inadmissable hearsay to which no exception applies.  To the extent it is offered to prove her state of mind, it is irrelevant because her state of mind is not in issue.  Fed. R. Evid. 801, 802.

*N.B.*  **Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact.  They will be overruled and disregarded.**

*N.B.*  **Pleadings that fail to comply with the above format may not be considered.**

### 6.  Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.  If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a diskette in WordPerfect format (compatible with 9.0 or higher).

### 7.  Telephonic Hearings

The Court believes it is extremely useful for counsel to appear personally at motions, scheduling conferences, etc.  Therefore, it is unlikely that the

1    Court would agree to conduct such matters by telephone in the absence of an

2    emergency, illness, etc. preventing counsel from appearing in person.  If an

3    emergency occurs, counsel shall attempt to contact all involved parties to advise of

4    the situation.  The attorney requesting the telephonic hearing must contact the

5    courtroom deputy clerk at the earliest possible time before the date scheduled for the

6    motion or conference to seek the Court's permission to appear by telephone and to

7    make the necessary arrangements.  The Court may choose instead to continue the

8    hearing.

9    ### 8.  *Ex Parte* Applications

10                  *Ex parte* applications are solely for extraordinary relief and are rarely

11   justified.  *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.

12   Supp. 488 (C.D. Cal. 1995).  Applications must be filed in the Clerk's Office.

13   Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a

14   statement of opposing counsel's position, will not be considered.  In addition to the

15   requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the

16   opposing party by facsimile transmission or personal service and shall notify the

17   opposition that opposing papers must be filed no later than twenty-four hours (or one

18   court day) following such facsimile or personal service.  If opposing counsel does

19   not intend to oppose the *ex parte* application, counsel must advise the courtroom

20   deputy clerk by telephone.  A conformed courtesy copy of moving, opposition, or

21   notice of non-opposition papers are to be hand-delivered to the courtesy box outside

22   the entrance to Judge Fischer's Chambers.  The Court considers *ex parte* applications

23   on the papers and usually does not set these matters for hearing. The courtroom

24   deputy clerk will notify counsel of the Court's ruling or a hearing date and time, if

25   the Court determines a hearing is necessary.  Sanctions may be imposed for misuse

26   of *ex parte* applications.

27

28

revised 3/25/05                              10

**9.   Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date**

No stipulation extending the time to file any required document or to continue any date is effective until and unless the Court approves it.  Both applications and stipulations must set forth:

a.   The existing due date or hearing date, the discovery cut-off date, the last day for hearing motions, the pretrial conference date and trial date;

b.   Specific reasons (contained in a detailed declaration) supporting good cause for granting the extension or continuance.  (A statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing settlement negotiations.);

c.   Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

d.   A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued.  The Court grants continuances only on a showing of good cause.  Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

**10.   TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Rule 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served.  Such party may file opposing or responding papers in the interim.

**11.   Cases Removed From State Court**

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the notice of removal, if not already included.  *See* 28 U.S.C. § 1447(a) and (b).  If the

revised 3/25/05                                     11

defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If, before the case was removed, a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

If an action removed to this Court contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of removal.  This pleading must comply with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

### 12.  Status of Fictitiously Named Defendants

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint.  *See* 28 U.S.C. §§ 1441(a) and 1447.

a.  Plaintiff shall ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference.  The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

b.  If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within that period, a request to extend the time must be made at the scheduling conference.  Counsel should be prepared  to state the reasons why fictitiously named defendants have not been identified and served.

c.  If a plaintiff wants to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel).  If consent is withheld or denied, plaintiff may apply *ex parte* requesting an amendment, with notice to all appearing parties.  Each party shall have seven calendar days to respond.  The *ex parte* application and any response should

comment on whether the matter should thereafter be remanded to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party. *See* 28 U.S.C. §1447(c) and (e).

### 13.   ERISA Cases Concerning Benefit Claims

The Court will hear motions to determine the standard of review and the scope of the administrative record.  There will be a court trial (usually confined to oral argument) on the administrative record.  Counsel filing motions for summary judgment or partial summary judgment on any other issue must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084 (9th Cir. 1999) in the moving papers and explain why summary judgment is not precluded.

### 14.   Bankruptcy Appeals

Counsel shall comply with the NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court.  The Court will determine whether oral argument will be held.

### 15.   Communications with Chambers

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other *ex parte* means. Counsel may contact the **courtroom deputy clerk** with **appropriate** inquiries.  To facilitate communication with the courtroom deputy clerk, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers.

### 16.   Courtesy Copies

A conformed courtesy copy (clearly marked "courtesy copy") of all documents filed or lodged with the Court shall be delivered to the courtesy box outside the entrance to Judge Fischer's Chambers.  For security reasons, documents should be removed from envelopes.

### 17.   Compliance with Local Rules and Standing Orders

At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders.  Before the scheduling

revised 3/25/05                    13

conference counsel shall review the Central District's Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions"), which shall be the standard of conduct to which they will be expected to adhere.

**Caveat:  If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the scheduling conference, the pretrial conference or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court; (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

Dated:  6-22-05

DALE S. FISCHER
United States District Judge